UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIMONE FOURTE,
    Plaintiff,
-vs.-

DNF ASSOCIATES, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, SIMONE FOURTE, BY AND THROUGH COUNSEL, PAUL CAMARENA**, and for her Complaint against the Defendant, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

2. The transactions and occurrences which give rise to this action occurred in Cook County, Illinois.

3. Venue is proper in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person residing in the Village of Dolton, Cook County, Illinois.

5. The Defendant to this lawsuit is DNF Associates, LLC, which is a foreign limited liability company that conducts business in the State of Illinois.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to a third party in the amount of $1,872.00 ("the alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On December 4, 2020, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the alleged Debt as collection item.

9. On or about December 8, 2020, Plaintiff submitted a letter to Defendant disputing the collection item.

10. On February 9, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the collection item with a remark that stated, "Dispute resolved" and it failed or refused to report its collection item as disputed, in violation of the FDCPA.

11. On or about April 2, 2021, Plaintiff again submitted a letter to the Defendant disputing the collection item.

12. In her dispute letter, Plaintiff alleged he previously disputed the collection item. She also stated the dispute was not resolved by the Defendant. Hence, she does and has always disputed the collection item.

13. On May 14, 2021, a prospective lender, Napleton's River Oaks Honda, obtained Plaintiff's Trans Union credit file.

14. On May 17, 2021, another prospective lender, Crescent Bank, Regional Acceptance Corp., and GM Financial, obtained Plaintiff's Trans Union credit file.

15. On May 18, 2021, another prospective lender, Bill Kay Ford, Capital One Auto Finance, Ally Financial and Ford Credit, obtained Plaintiff's Trans Union credit file.

16. On June 28, 2021, another prospective lender, Synchrony Bank, obtained Plaintiff's Trans Union credit file.

17. On September 7, 2021, Plaintiff obtained her Trans Union credit disclosure, which showed Defendant last reported the tradeline reflected by the collection item to Trans Union on July 20, 2021 and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

18. With a disputed item not appearing on her credit report, Plaintiff's FICO score is improperly depressed. This makes is harder for the Plaintiff to obtain consumer credit for cars, consumer goods or housing.

19. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

20. Defendant had more than ample time to instruct Trans Union to flag its collection item as Disputed.

21. Defendant's inaction to have its collection item on Plaintiff's Trans Union credit report flagged as disputed was either negligent or willful.

22. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for him to obtain employment, housing and credit for her day-to-day needs. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates the preceding allegations One through Twenty Two by reference.

24. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a (6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

27. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

28. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes their validity. Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

29. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

**WHEREFORE, PLAINTIFF PRAYS that this Honorable Court** grant her a judgment against Defendant for statutory damages, actual damages, costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

/s/ Paul Camarena
Paul Camarena
500 S Clinton St. No. 132
Chicago, IL 60607
Telephone: (312) 493-7494
Email: paulcamarena@paulcamarena.com
*Attorney for Plaintiff,*
*Simone Fourte*